# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney Sansbury, ) | |
| ) | No. 5:14-cv-1115-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Southern Health Partners; Nurse Shelton, ) | |
| *LPN*; CPL JC Miers, *Bdg #425*, T Van ) | |
| Doran, *Director*; Captain Darling, *#62*; Lt. ) | |
| Branch; Captain Taylor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 92), recommending that the Court grant Defendants' Motions for Summary Judgment (Dkt. Nos. 79, 80). Plaintiff has not filed any objections to the R & R. For the reasons stated below, the Court ADOPTS the R & R in part and GRANTS Defendants' motions.

## I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made.

Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"

*Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## II. Discussion

The Court agrees with the Magistrate Judge that Plaintiff has failed to provide any evidence of deliberate indifference to a serious medical need. Plaintiff agrees that he received medical treatment for HIV, and his only complaint about medical treatment concerns the boil on his head. However, it is undisputed that he received treatment for this boil. Plaintiff's disagreement with the type of treatment does not rise to a deliberate indifference claim. *E.g., Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 925 (2014).

With regard to Plaintiff's work assignment, Plaintiff does not have a liberty or property interest in a prison job under the Due Process Clause; thus, any due process claim must be dismissed. *E.g., Backus v. Ward*, 151 F.3d 1028 (4th Cir. 1998). His equal protection claim must also fail. Even if Plaintiff could make a threshold showing of discriminatory intent, the prison job placement policy at issue–not clearing Plaintiff for work detail until it was confirmed he was taking his medication as prescribed–serves a legitimate penological interest. *See Morrison v. Garraghty*, 239 F.3d 648, 655 (4th Cir. 2001).

With regard to Plaintiff's medical privacy claim, the Court assumes without deciding that plaintiff possesses a limited constitutional right to privacy in medical treatment.[1] *See Pearson v. Callahan*, 555 U.S. 223, 241 (2009) (general rule that federal court should not pass on questions

---

[1] Thus, the Court declines to adopt the first paragraph on page 16 of the R & R.

of constitutionality unless such adjudication is unavoidable); *Cooke v. U.S. Bureau of Prisons*, 926 F. Supp. 2d 720, 737 (E.D.N.C. 2013) (discussing cases recognizing such a right). However, even if such a limited right exists, it is not implicated by the conduct at issue here.

Plaintiff's only allegation is that officers who escorted him to medical overheard some of his medical information. This "general indiscretion" does not rise to the "gratuitous disclosure" that courts have held to violate inmate constitutional privacy rights. *Compare Powell v. Schriver*, 175 F.3d 107, 109, 112 (2d Cir. 1999) (recognizing that "gratuitous disclosure" of inmate's status as an HIV-positive transsexual "as humor or gossip" and "in the presence of other inmates and staff members" violates inmate's constitutional right to medical privacy) *with Franklin v. McCaughtry*, 110 Fed. App'x 715, 719 (7th Cir.2004) (per curiam) ("[S]ome amount of sharing of medical information in areas where it might be overheard by other patients . . . is commonplace . . . . Franklin appears to complain of nothing more than this sort of general indiscretion, including the argument that treatment in front of staff members is offensive . . . . Because the semi-public discussion of these ailments would not transgress the constitutional right to information privacy insofar as that right might extend to prisoners, we affirm the district court's dismissal and reserve for another day a fuller treatment of this question.").

Finally, the Court agrees that because Plaintiff has not alleged or produced evidence of specific injury, his access-to-courts claim fails as a matter of law, and because Plaintiff has failed to put forward evidence that DCDC is not in compliance with a state or federal law, his claim for injunctive relief fails.

Therefore, the Court **DECLINES** to adopt the first paragraph on page 16 of the R & R. The Court **ADOPTS** all other portions of the Magistrate Judge's R & R, (Dkt. No. 92).

-3-

Accordingly, Defendants' motions for summary judgment (Dkt. Nos. 79, 80) are **GRANTED,** and this case is **DISMISSED WITH PREJUDICE.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

May 21, 2015
Charleston, South Carolina